IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WILLIAM KOCH,

    Plaintiff,

v.     3:16-CV-1166
    (JUDGE MARIANI)

FEDERAL BUREAU OF PRISONS,

    Defendant.

FILED
SCRANTON

JUN 1 6 2016

PER ⎯⎯⎯⎯⎯
DEPUTY CLERK

## MEMORANDUM OPINION

On June 9, 2016, Plaintiff filed a document entitled "Emergency Restraining Order" (Doc. 1). In response, this Court scheduled a telephone hearing on June 16, 2016. Participating in the hearing were Assistant United States Attorney Timothy Judge, Attorney Advisor for the Federal Bureau of Prisons at Lewisburg, Jennifer Knepper, Lieutenant Jason Seeba, employed at USP Lewisburg, and Plaintiff Michael Koch, an inmate at USP Lewisburg.

At the hearing, the Declaration of Jennifer Knepper (Doc. 6, Ex. 1) was entered into evidence along with attachments A and B thereto which were established as records made and maintained in the regular course of the administration of operations at USP Lewisburg and which specifically included records establishing the 15-minute restraints check form recording the checks undertaken by corrections officers of Plaintiff Koch during the period from June 3, 2016, at 4:00 pm until June 4, 2016, at 10:00 am as well as the health services restraint review form recording the 24-hour check undertaken of the plaintiff-inmate which

requires that the inmate be checked twice within each eight-hour shift, and the two-hour lieutenant restraints check form which records the lieutenant's check of the general welfare of the inmate every two hours during the recording period.

Further, Lieutenant Seeba offered testimony that detailed the nature of the ambulatory restraints placed on the inmate and how these restraints are structured so as to afford the inmate the ability to access the sink and toilet in his cell as well as to eat meals furnished and drink water either with a styrofoam cup or by drinking directly from the sink by pressing a button to generate water. Lieutenant Seeba's testimony, together with the records referred to above, established that the inmate was able to eat, drink, and use the toilet facilities.

Plaintiff-inmate, however, testified that the restraints placed on his hands, which were secured in front of his body, were too tight to allow him to press the button on the sink to cause water to flow from it while at the same time leaning over to drink the water. The exhibits offered by the government, while recording a variety of statements made by the plaintiff, including profanity directed at those who observed him in accordance with prison requirements, do not indicate any complaint by the plaintiff that the restraints were preventing him from accessing water from the sink. Nor did the plaintiff testify at the hearing that he complained to anyone at USP Lewisburg that the ambulatory restraints were too tight or were preventing him pressing the button on the sink that would cause water to flow to him for drinking.

The plaintiff was released from ambulatory restraints on June 4, 2016 at 10:00 am. To obtain a Temporary Restraining Order ("TRO"), the movant must show, initially, that irreparable harm will result if the Order is not granted. Further, a TRO that continues beyond the time permissible under Fed. R. Civ. P. 65(b)(2) must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions. To do so, the movant must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the injunction; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Winter v. N.R.D.C. Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

In this case, considering all of the evidence presented, Plaintiff has failed to show that he is entitled to temporary restraining or preliminary injunctive relief. While the Court denies Plaintiff's request for relief, it does so only because the record evidence shows that Plaintiff was not denied access to water or food or the toilet facilities while in ambulatory restraints. Had the evidence shown otherwise, the plaintiff would have been entitled to relief, such as in the case where the ambulatory restraints are affixed so tightly that the inmate is unable to use his hands to eat, drink from the styrofoam cup, press the button to draw water from the sink, or use the toilet facilities.

Finally, since Plaintiff is no longer in ambulatory restraints, the need for immediate temporary restraining or preliminary injunctive relief no longer is present.[1]

For the foregoing reasons, Plaintiff's Motion for an "Emergency Restraining Order" (Doc. 1) will be denied.

Robert D. Mariani
United States District Judge

---

[1] This statement should not be understood as an indication that the Court considers this matter moot, since it is clearly capable of repetition.